```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CENTURY INDEMNITY           :    CIVIL ACTION
COMPANY,                    :    NO. 08-219
                            :
     Plaintiff,             :
                            :
v.                          :
                            :
CERTAIN UNDERWRITERS        :
AT LLOYD'S, LONDON          :
                            :
     Defendant.             :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                       JANUARY 12, 2009

Century Indemnity Company ("Plaintiff") filed the instant motion to seal an arbitration award under Fed. R. Civ. P. 26(c)(1)(F). For the reasons that follow, the motion will be granted.

I.   BACKGROUND & PROCEDURAL HISTORY

Plaintiff and Certain Underwriters at Lloyd's, London ("Defendant") entered into a reinsurance treaty whereby Defendant agreed to indemnify Plaintiff with respect to a specified portion of Plaintiff's obligations under insurance policies it issued in exchange for a portion of the premium paid to Plaintiff for the underlying insurance policies. Plaintiff is a corporation organized under the laws of Pennsylvania. Defendant is a business organized under the laws of London, England.

The instant dispute arose under the Plaintiff's Contingency First Excess of Loss Cover ("Treaty 6"), in which Defendant participated as Plaintiff's reinsurer for the period between April 1, 1969 to December 31, 1971.  Specifically, Plaintiff advised Defendant in 2003 and 2005 that it anticipated billing Defendant under Treaty 6 for its share of amounts Plaintiff paid for asbestos-related product liability claims.  Defendant refused to pay and initiated a single arbitration against Plaintiff on October 26, 2007, pursuant to the arbitration clause in Treaty 6.

In anticipation of the arbitration hearing, the parties entered into a confidentiality agreement on May 1, 2008 (the "Confidentiality Agreement").  The Confidentiality Agreement requires that the parties keep confidential "Arbitration Information," including the final award.  Ex. 1, Pet'r Memo. Mot. Seal § 2.  As an exception to the Confidentiality Agreement, an award may be disclosed "in connection with court proceedings related to any aspect of the arbitration . . . ."  Id. at § 3(h).  However, in the event of such disclosure "the parties agree, subject to court approval, that all submissions of Arbitration Information to a court shall be sealed."  Id. at § 3.

After discovery and briefing, the arbitration panel (the "Panel") held a four-day evidentiary hearing on November 17 through November 20.  The Panel issued a final award on November

28, 2008 (the "Award").  The arbitration clause in Treaty 6 provides that the decision of the Panel shall be final and binding upon all parties.  Plaintiff has moved to confirm the arbitration award.  Plaintiff argues that the Award should remain under seal while the instant case is being adjudicated.  Defendant does not contest this motion.

II.  JURISDICTION

Jurisdiction is based on the Federal Arbitration Act, 9 U.S.C. §§ 201-08.  The instant proceeding involves a commercial arbitration agreement that is not entirely between citizens of the United States.  See § 202.  Therefore, this Court has subject matter jurisdiction under § 203 of the Federal Arbitration Act, which provides:

> An action or proceeding falling under the [Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "Convention")] shall be deemed to arise under the laws and treaties of the United States.  The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.

Id.; accord 28 U.S.C. § 1331 (proclaiming "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") (emphasis added).

III. MOTION TO SEAL THE ARBITRATION AWARD

Plaintiff argues the Award should remain under seal for two reasons.  First, the parties seek to uphold the terms of the Confidentiality Agreement.  Second, the integrity of the arbitration process in the reinsurance industry, where such proceedings are typically confidential, could be jeopardized.  In support of the second argument, Plaintiff appends reinsurance procedure statements from ARIAS-U.S. and Insurance and Reinsurance Dispute Resolution Task Force.  See Exs. 2-3, Pet'r Mot. Seal.

The strong common law presumption of public access to judicial records is not absolute.  In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001).  However, this presumption is rebutted only when a court is satisfied, after balancing the competing interests, that the need for secrecy outweighs the presumption of access.  Id.  The party seeking to have the record sealed "bears the burden of showing that the material is the kind of information that courts will protect" and that "disclosure will work a clearly defined and serious injury to the party seeking closure."  Id. (quoting Miller v. Ind. Hosp., 16 F.3d 549, 551 (3d Cir. 1994)).  The movant must show specific and serious injury; broad allegations are insufficient.  Id.

Sealing judicial records is within the sound discretion of the court.  Doe v. C.A.R.S. Protection Plus, Inc., 527 F.3d 358, 371 (3d Cir. 2008) (citing Pansy v. Borough of Stoudsburg,

-4-

23 F.3d 772, 783 (3d Cir. 1994)).  The Third Circuit recently cited factors to consider in the determination of whether to grant a protective order.  Shingara v. Skiles, 420 F.3d 301, 306 (3d Cir. 2005) (citing Pansy, 23 F.3d at 787-91).  These factors include:

> (1) whether disclosure will violate any privacy interests;
> (2) whether the information is being sought for a legitimate purpose or for an improper purpose;
> (3) whether disclosure of the information will cause a party embarrassment;
> (4) whether confidentiality is being sought over information important to public health and safety;
> (5) whether the sharing of information among litigants will promote fairness and efficiency;
> (6) whether a party benefitting from the order of confidentiality is a public entity or official; and
> (7) whether the case involves issues important to the public.

Id.

     The Court will consider the aforementioned factors ad seriatim.  First, there is a significant "business" privacy interest that would affect Defendant if the Award is disclosed.  Second, the purpose behind sealing the Award is legitimate.  The parties entered into a Confidentiality Agreement and it is the practice in the reinsurance industry to keep arbitration proceedings, including final awards, confidential.  Third, public health and safety issues are not implicated here.  Fourth, upholding the terms of the Confidentiality Agreement will promote the voluntary execution of private arbitration agreements; a sound public policy objective.  Fifth, neither party is a public

entity or official.

For the foregoing reasons, the motion will be granted.

```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CENTURY INDEMNITY           :    CIVIL ACTION
COMPANY,                    :    NO. 08-219
                            :
     Plaintiff,             :
                            :
v.                          :
                            :
CERTAIN UNDERWRITERS        :
AT LLOYD'S, LONDON          :
                            :
     Defendant.             :
```

## O R D E R

**AND NOW**, this **12th day of January 2009**, it is hereby **ORDERED**, for the reasons stated in the accompanying memorandum, Plaintiff's motion to seal the arbitration award (doc. no. 1) is **GRANTED**.

    **AND IT IS SO ORDERED.**

                           S/Eduardo C. Robreno
                            **EDUARDO C. ROBRENO, J.**