# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CENTURY INDEMNITY COMPANY, SUCCESSOR TO INSURANCE COMPANY OF NORTH AMERICA, :<br>:<br>:<br>:    Petitioner, :<br>:<br>v. :<br>:<br>CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, :<br>:<br>:<br>    Respondent. :<br>:<br>: | CIVIL ACTION NO. 08-MC-219 |

## ORDER

AND NOW, this ____ day of _____, 2009, upon consideration of the Motion to Seal Reply Memorandum of Law and Exhibits and memorandum of law in support thereof of Petitioner, Century Indemnity Company, successor to Insurance Company of North America ("Century"), it is hereby ORDERED and DECREED that said Motion is GRANTED. Century's Memorandum Of Law In Further Support Of Its Petition To Confirm Arbitration Award And In Opposition To Certain Underwriters At Lloyd's, London's Cross Motion To Vacate Award In Part And Stay Enforcement and exhibits thereto shall be filed under seal and shall remain confidential and under seal until further order of this Court.

                   **UNITED STATES DISTRICT COURT:**

                   _____
                   Eduardo C. Robreno, U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CENTURY INDEMNITY COMPANY, SUCCESSOR TO INSURANCE COMPANY OF NORTH AMERICA,<br><br>                 Petitioner,<br><br>   v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,<br><br>                 Respondent. | CIVIL ACTION NO. 08-MC-219 |

**PETITIONER'S MOTION TO SEAL REPLY MEMORANDUM OF LAW AND EXHIBITS**

Petitioner, Century Indemnity Company, successor to Insurance Company of North America ("Century"), hereby moves to have this Court place under seal Century's Memorandum Of Law In Further Support Of Its Petition To Confirm Arbitration Award And In Opposition To Certain Underwriters At Lloyd's, London's Cross Motion To Vacate Award In Part And Stay Enforcement and exhibits thereto, which are being filed concurrently herewith, for the reasons set forth in the accompanying memorandum of law.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

By: /s/ Christine G. Russell
Christine G. Russell (I.D. No. 76915)
David Weiss (I.D. No. 78765)
1800 One Liberty Place
Philadelphia, PA 19103-7395
Phone: 215.864.7000

Dated: February 10, 2009

*Attorneys for Petitioner Century Indemnity Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CENTURY INDEMNITY COMPANY, SUCCESSOR TO INSURANCE COMPANY OF NORTH AMERICA,<br><br>     Petitioner,<br><br>v.<br><br>CERTAIN UNDERWRITERS AT LLOYD'S, LONDON,<br><br>     Respondent. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:    CIVIL ACTION NO. 08-MC-219 |

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S
MOTION TO SEAL REPLY MEMORANDUM OF LAW AND EXHIBITS**

Petitioner, Century Indemnity Company, successor to Insurance Company of North America ("Century"), hereby submits this memorandum of law in support of its Motion to Seal Reply Memorandum of Law and Exhibits, and states as follows:

**BACKGROUND**

As relevant here, Certain Underwriters at Lloyd's London ("Lloyd's") participated as Century's reinsurer under Century's Contingency First Excess of Loss Cover ("Treaty 6"), for the period April 1, 1969 to December 31, 1971. A dispute arose between the parties with respect to Century's billing to Lloyd's under the Treaty for Lloyds' share of amounts paid on asbestos-related product liability claims. Lloyd's initiated arbitration against Century on October 26, 2007 for, *inter alia*, declaratory relief with respect to Century's billing under Treaty 6. Century counterdemanded in the arbitration, seeking, *inter alia*, a ruling requiring Lloyd's to pay Century's billing under Treaty 6 for asbestos-related product liability claims.

After discovery and briefing, the arbitration panel (the "Panel") held a four-day evidentiary hearing on November 17-20, 2008. The Panel issued a final award on November 28, 2008 (the "Award").

At the start of the arbitration, the parties had entered into a confidentiality agreement, executed on May 1, 2008 (the "Confidentiality Agreement"). A copy of that agreement is attached hereto as Exhibit 1. The agreement requires that the parties keep confidential, *inter alia*, "Arbitration Information," including the final award and any interim decisions, subject to certain exceptions. *See* Exhibit 1 at § 2. One such exception is that Arbitration Information may be disclosed "in connection with court proceedings relating to any aspect of the arbitration, including but not limited to motions to confirm, modify or vacate an arbitration award . . . ." *Id.* at § 3(b). However, the agreement also states, in connection with such disclosures, "the parties agree, <u>subject to court approval</u>, that all submissions of Arbitration Information to a court shall be sealed." *Id.* at § 3 (emphasis added). Thus, by entering into the Confidentiality Agreement, Century obligated itself to request that the Court maintain the confidentiality agreed to by the parties.

Century's Memorandum Of Law In Further Support Of The Petition To Confirm Arbitration Award And In Opposition To The Respondent's Cross Motion To Vacate Award In Part And Stay Enforcement contains numerous references to what the parties argued to the arbitration panel at the hearing, and attaches as exhibits excerpts from the hearing transcript. Since all of that constitutes "Arbitration Information" as defined in the Confidentiality Agreement, Century now moves to have this Court seal that memorandum of law and exhibits thereto in order to keep it confidential.[1]

---

[1] Century does not anticipate any opposition from Lloyd's to this Motion to Seal.

2

**LEGAL ARGUMENT**

In connection with its Motion to Confirm Arbitration Award, Century filed a Motion to Seal the Award, which was filed on December 31, 2008. *See* Exhibit 2. The Court granted that motion, finding that the interest in maintaining the agreed confidentiality of the arbitration proceedings outweighed a presumption of public access to judicial records. *See Century Ind. Co. v. Certain Underwriters at Lloyd's, London*, No. 08-219 (E.D. Pa. Jan. 12, 2009) (attached hereto as Exhibit 3). Century incorporates herein by reference the arguments made in support of sealing the Award.

Century's Memorandum Of Law In Further Support Of The Petition To Confirm Arbitration Award And In Opposition To The Respondent's Cross Motion To Vacate Award In Part And Stay Enforcement includes numerous references to what the parties argued to the arbitration panel at the hearing, and attaches as exhibits excerpts from the hearing transcript. All of that is "Arbitration Information" as defined in the Confidentiality Agreement from the arbitration, and therefore is similarly situated to the Award, which the Court has already ordered to be subject to seal.

> The Court will consider the [*Shingara*] factors *ad seriatim*. First, there is a significant "business" privacy interest that would affect Defendant if the Award is disclosed. Second, the purpose behind sealing the award is legitimate. The parties entered into a Confidentiality Agreement and it is the practice in the reinsurance industry to keep arbitration proceedings, including final awards, confidential. Third, public health and safety issues are not implicated here. Fourth, upholding the terms of the Confidentiality Agreement will promote the voluntary execution of private arbitration agreements; a sound policy objective. Fifth, neither party is a public entity or official.

Exh. 3, *Century Ind. Co. v. Certain Underwriters at Lloyd's, London*, No. 08-219, Slip Op. at 5-6 (E.D. Pa. Jan. 12, 2009). The Arbitration Information discussed in and attached to Century's reply brief would generate the same analysis as the Court applied in deciding to seal the Award. Century's reply brief and exhibits should therefore likewise be sealed.

3

## CONCLUSION

For all of the foregoing reasons, Century requests that this Court order that Century's Memorandum Of Law In Further Support Of Its Petition To Confirm Arbitration Award And In Opposition To Certain Underwriters At Lloyd's, London's Cross Motion To Vacate Award In Part And Stay Enforcement and exhibits thereto be maintained under seal.

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

By: /s/ Christine G. Russell
Christine G. Russell (I.D. No. 76915)
David Weiss (I.D. No. 78765)
1800 One Liberty Place
Philadelphia, PA 19103-7395
Phone: 215.864.7000

Dated: February 10, 2009

*Attorneys for Petitioner Century Indemnity Company*

## CERTIFICATE OF SERVICE

I, Christine G. Russell, hereby certify that I caused to be served a true and correct copy of Petitioner Century Indemnity Company's Motion To Seal Arbitration Award, memorandum of law in support thereof, and Proposed Order, this 10th day of February, 2009, was filed today and is available for viewing and downloading in the ECF system, and was served by hand delivery on the following counsel:

> Howard D. Scher
> Gerald E. Burns
> Buchanan Ingersoll PC
> 1835 Market Street, 14th Floor
> Philadelphia, PA 19103

and by Federal Express, overnight delivery, upon:

> Jack B. Gordon, Esquire
> Fried Frank Harris Shriver
> 1001 Pennsylvania Ave., N.W.
> Washington, DC 20004

Respectfully submitted,

**WHITE AND WILLIAMS LLP**

/s/ Christine G. Russell
Christine G. Russell, Esq.
1800 One Liberty Place
Philadelphia, PA 19103-7395
Phone: 215.864.7000

*Attorneys for Petitioner Century Indemnity Company*

Dated: February 10, 2009

5045623v.2